UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURT BOOKHARDT, JERMAINE BELL, WARD GONZALES, KEITH INGRAHAM, SCOTT KINLEY, ANTONIO ROBINSON, RONALD STOUT, JEFFREY TAIT, ALBERT TROYANI, PAUL WEATHERSBY, RONALD WILSON, DANA WOMACK, DREXELL ZIEGLER, AND WILLIAM BOBBITT**<br>　　　　　　　　　　　　Plaintiffs,<br><br>VERSUS<br><br>**ASSOCIATED WHOLESALE GROCERS, INC.**<br>　　　　　　　　　　　　Defendant | **CIVIL ACTION:** 19-13894 |

# COMPLAINT

NOW COMES, Plaintiffs, Jermaine Bell, Kurt Bookhardt, Ward Gonzales, Keith Ingraham, Scott Kinley, Antonio Robinson, Ronald Stout, Jeffrey Tait, Albert Troyani, Paul Weathersby, Ronald Wilson, Dana Womack, Drexell Ziegler, and William Bobbitt, who bring this action pursuant to the Fair Labor Standards Act and complain against Defendant, Associated Wholesale Grocers, Inc. ("AWG"), as follows:

## I. INTRODUCTION

1. Plaintiffs bring this action as under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* to recover unpaid overtime wages and statutorily authorized liquidated and penalty damages as well as reasonable attorney's fees and costs associated with this litigation.

2. Defendant implemented and adhered to record-keeping and compensation policies and practices that intentionally misclassified plaintiffs as exempt from the FLSA's overtime wage

provisions and required employees to work hours in excess of 40 hours in a workweek but prohibited employees from properly recording all hours worked so that Defendant could avoid paying overtime compensation to its employees.

3. Defendant's record-keeping and compensation policies and practices created and continue to create willful failures and refusals to pay proper minimum wage and overtime compensation to Plaintiffs.

## II. PARTIES

4. Plaintiffs, Jermaine Bell, Kurt Bookhardt, Ward Gonzales, Keith Ingraham, Scott Kinley, Antonio Robinson, Ronald Stout, Jeffrey Tait, Albert Troyani, Paul Weathersby, Ronald Wilson, Dana Womack, Drexell Ziegler, and William Bobbitt, are adult citizens of the United States.

5. Defendant, Associated Wholesale Grocers, Inc. is a Foreign Corporation authorized and doing business in Louisiana.

6. Plaintiffs are former employees of AWG.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action is brought under the Fair Labor Standards Act.

8. This Court has personal jurisdiction over Defendant because it conducts business and employs individuals in the judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); business records are kept and all or a substantial part of the events giving rise to the claims occurred within this judicial district, including but not limited to the unlawful employment and compensation practices described herein.

## IV. STATEMENT OF FACTS

10. AWG is the nation's largest cooperative food wholesaler to independently owned supermarkets, serving over 3,800 locations in more than half of the states in the country.

11. One of AWG's distribution centers is located in Pearl River, Louisiana.

12. The Pearl River facility is extremely busy and employs regularly over 300 employees at a time. The work is fast paced and the vast majority of the workers work well over 40 hours per workweek.

13. Each plaintiff worked for AWG at various times between October 7, 2014 and present under the job title of "Supervisor".

14. As a supervisor, Plaintiffs performed various administrative and manual tasks but did not supervise any employees.

15. As a supervisor, each plaintiff's compensation changed from hourly to salary, and AWG ceased paying each plaintiff overtime wages even though he or she regularly worked significant hours in excess of 40 hours in a workweek.

16. AWG improperly classified Plaintiffs as being exempt from the FLSA's overtime provisions.

17. Despite the title of "Supervisor", Plaintiffs did not have the authority to hire or fire employees; they did not regularly supervise the same workers; they did not have the authority to discipline employees; and they did not have the authority to set employees schedules.

18. Their actual role was "Lead" rather than supervisor.

19. Moreover, Plaintiffs were required to perform manual labor, including but not limited to: unloading trucks, loading trucks, selecting product from warehouse shelves and placing it on pallets, operating forklifts, and cleaning the warehouse.

20. Each plaintiff was regularly scheduled to work exactly 8 hours a day and 40 hours every workweek, and he or she was required to take paid time off if he was not going to work his

scheduled hours.

21. Plaintiffs regularly and routinely arrived at work and began working before their scheduled shift time, worked through their scheduled lunch break, and worked after their scheduled shift end time and on weekends. Due to Defendant's record-keeping and compensation policies, Plaintiffs were prevented from recording their actual time worked on this time sheet, and consequently, they were not compensated for their actual time worked.

22. Each plaintiff frequently worked 12 to 14 hour days and 65 to 80 hours per workweek.

23. Even though Defendant used a timekeeping system that could accurately record their employee's work hours, Defendant instructed Plaintiffs not to record their work hours even if the employees worked hours in excess of 40 hours in a workweek.

24. Defendant's record-keeping and compensation policies and practices mandated that Plaintiffs not accurately record their actual work hours.

25. No AWG manager questioned or investigated why Plaintiffs worked hours outside of and in excess of their scheduled work time or whether they accurately reported all the hours she worked.

26. No AWG manager ordered Plaintiffs to cease working hours outside of and in excess of his or her scheduled work hours; rather, Defendant knowingly allowed and suffered Plaintiffs to work hours outside of and in excess of his or her scheduled work time.

27. No AWG manager investigated or ensured that Plaintiffs were being compensated for all hours worked, including the hours worked outside and in excess of his scheduled work time.

28. Defendant developed and implemented a policy to misclassify as many employees as possible as salaried non-exempt employees regardless of their job duties to avoid incurring any overtime compensation obligations.

29. Defendant's record-keeping policy promoted the falsification of employee time sheets by prohibiting employees from reporting their work hours properly and accurately.

## V. FLSA VIOLATION

30. Defendant has gross annual sales equal to or greater than $500,000.

31. Defendant engaged in interstate commerce including but not limited to allowing its employees to handle, sell, produce, or otherwise work on goods or materials that came from a state other than Louisiana.

32. Plaintiffs, in their scope of employment with AWG, engaged in interstate commerce including but not limited to handling, producing, or otherwise working on goods or materials that came from a state other than Louisiana.

33. Plaintiffs, as an employee of Defendant, used the mail, telephone or other equipment to communicate across state lines.

34. At all relevant times, Plaintiffs were misclassified as exempt employees of Defendant.

35. As an employee of Defendant, each plaintiff's major, main, principal or most important duties did not require advanced knowledge in a field of science or learning or the consistent exercise of discretion or judgment.

36. Each plaintiff's primary duties did not include managing the enterprise or managing a customarily recognized department or subdivision of the enterprise.

37. Plaintiffs did not customarily or regularly direct the work of at least two or more full-time employees.

38. Plaintiffs did not have the authority to hire and fire other employees or make any other change in employee status.

39. Plaintiff' primary duties did not include the performance of non-manual work directly related to the management or general business operations of Defendant or its customers.

40. Plaintiffs did not exercise discretion or independent judgment as to matters of significance to Defendant's business operations or management.

41. Plaintiffs' primary duties did not include the performance of work requiring advanced knowledge.

42. Defendant failed to keep accurate payroll records showing the total hours worked each day and week by its employees.

43. Defendant refused to pay Plaintiffs for any hours worked in excess of 40 hours in a workweek.

44. Plaintiffs regularly worked time that they were not permitted to record properly and for which he was not compensated properly or at all.

45. Plaintiffs regularly worked time in excess 40 hours in a workweek for which they were not compensated.

46. Defendant did not compensate Plaintiffs properly for all hours worked.

47. Defendant did not compensate Plaintiffs at an hourly wage equal to or greater than $7.25 per hour for each hour worked by each Plaintiff.

48. Defendant did not compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate of pay for all hours each Plaintiff worked in excess of 40 hours in a workweek.

49. Defendant violated 29 U.S.C. §§ 206 & 207 by failing to compensate Plaintiffs properly.

50. Defendant knew that Plaintiffs worked hours for which they were not compensated properly.

51. Defendant failed to act in good faith when they promoted falsification of payroll records and refused to pay Plaintiffs properly for time worked.

52. Defendant either knew their conduct was illegal or showed reckless disregard as to whether their conduct violated the law.

53. Defendant's actions constitute knowing, intentional and willful violations of the FLSA.

54. Plaintiffs were damaged as a direct and proximate result of Defendant's actions, policies and practices and failure to compensate them properly.

55. Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs and judicial interest.

56. Each Plaintiff participated in previous litigation that was conditionally certified as a collective action that commenced on October 7, 2017 (Moody, et al., v Associated Wholesale Grocers, Inc, 2:17-10290).

57. As such, their claims relate back to the previous matter, and their claims should have tolled.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Jermaine Bell, Kurt Bookhardt, Ward Gonzales, Keith Ingraham, Scott Kinley, Antonio Robinson, Ronald Stout, Jeffrey Tait, Albert Troyani, Paul Weathersby, Ronald Wilson, Dana Womack, Drexell Ziegler, and William and Bobbitton, pray that the Court:

a. Enter judgment declaring that Defendant's policies and practices complained of herein violate the FLSA;

b. Enjoin Defendant, its officers and agents from engaging in the policies and practices complained of herein;

c. Enter judgment against Defendant and award to Plaintiffs, damages for unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest and post-judgment interest, all in amounts to be determined at trial;

d. Enter judgment requiring Defendant to pay to Plaintiffs' costs and expenses of bringing this action, including but not limited to reasonable attorney's fees, expert's fees and other costs.

e. Enter judgment awarding to Plaintiffs any and all further legal relief as this Court deems necessary, just and proper.

Respectfully submitted,

/s/Chad A. Danenhower
Chad A. Danenhower, Bar # 32845
Danenhower Law Firm, LLC
212 Park Place
Covington, LA 70433
Phone: 985-590-5026
Fax: 985-605-0525
chad.danenhower@danenhowerlaw.com


Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile:  (985) 892-2640
dale@daleslaw.com